**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:20CR019 |
| KARIM RASHID, | : | Judge McFarland |
| Defendant. | : | |

**NOTICE OF SUPPLEMENTAL AUTHORITY RELATED TO DEFENDANT KARIM RASHID'S MOTION TO DISMISS THE INDICTMENT**

Now comes the Defendant, Karim Rashid, by and through counsel, and hereby provides notice of his intent to cite to supplemental authority at the hearing on June 4, 2020 related to the above referenced motion.

On May 7, 2020, the Supreme Court decided the case United States v. Sineneng-Smith, 140 S. Ct. 1575 (2020), wherein the Court struck down a Ninth Circuit decision in which the lower court rendered opinion on legal issues that were not presented by the parties in the appeal.  This decision is directly relevant to the issue addressed in Section 1.B., pp. 5-6 of Mr. Rashid's Reply (R. 30).  Specifically, the case rejects the government's argument that the Sixth Circuit's decision in United States v. Chesney, 86 F.3d 564 (6th Cir. 1996) and its progeny have already addressed the statutory construction argument raised in Mr. Rashid's case.  To this point, the Supreme Court held that lower courts do not and cannot render opinions on legal issues not presented by the parties in the appeal:

> In our adversarial system of adjudication, we follow the principle of party presentation. As this Court stated in Greenlaw v. United States, 554 U.S. 237 (2008), "in both civil and criminal cases, in the first instance and on appeal ..., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Id. at 243.  In criminal cases,

departures from the party presentation principle have usually occurred "to protect a pro se litigant's rights." Id. at 244; see, e.g., Castro v. United States, 540 U.S. 375, 381–383 (2003) (affirming courts' authority to recast pro se litigants' motions to "avoid an unnecessary dismissal" or "inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis" (citation omitted)). But as a general rule, our system "is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 386 (Scalia, J., concurring in part and concurring in judgment).

In short: "[C]ourts are essentially passive instruments of government." United States v. Samuels, 808 F.2d 1298, 1301 (8th Cir. 1987) (Arnold, J., concurring in denial of reh'g en banc). They "do not, or should not, sally forth each day looking for wrongs to right. [They] wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties." Id.

Sineneng-Smith, 140 S. Ct. at 1579.

Thus, because the statutory construction argument raised in the present case was not presented by any party in the Chesney appeal, nor in any of the other Sixth Circuit cases cited by the government, the Sixth Circuit could not have rendered binding precedent on this issue for the present case. As such, the important statutory construction argument in Mr. Rashid's case is presented to this Court in the first instance and is ripe for determination.

        Respectfully submitted,

        DEBORAH WILLIAMS
        FEDERAL PUBLIC DEFENDER

        *s/ Richard Monahan*
        Richard Monahan (0065648)
        First Assistant Federal Public Defender
        250 E. 5th Street, Suite 350
        Cincinnati, Ohio 45202
        (513) 929-4834

        Attorney for Defendant
        Karim Rashid

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Tim Mangan, Assistant United States Attorney, via Electronic Case Filing, on this 1st day of June, 2020.

*s/ Richard Monahan*
Richard Monahan